## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**GARRETT ROSE,**

               **Plaintiff,**

**v.**

**ILLINOIS DEPARTMENT OF CORRECTIONS, et al.,**

               **Defendants.**

**Case No. 24-CV-00448-GCS-SPM**

## <u>ORDER DISMISSING DEFENDANTS</u>

**McGLYNN, District Judge:**

Plaintiff Garrett Rose filed the instant suit on February 20, 2024. (Doc. 2). On April 18, 2024, Magistrate Judge Gilbert C. Sison filed a Notice of Impending Dismissal (Doc. 26) indicating that Defendant Reginald Hammonds was served but failed to answer or otherwise plead in response to Plaintiff Rose's Complaint. Plaintiff Rose was ordered to file a motion for clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(a) no later than May 9, 2024 and was warned that failure to comply with the Notice of Impending Dismissal would result in dismissal of the claims against Defendant Hammonds for want of prosecution. (*See* Doc. 26). Plaintiff Rose failed to respond or comply.

Additionally, Magistrate Judge Sison filed a separate Notice of Impending Dismissal on June 10, 2024 (Doc. 33) indicating that Plaintiff had failed to effectuate service upon Defendant Tom Austin in accordance with Federal Rule of Civil Procedure 4(m). Plaintiff Rose was ordered to effectuate service upon Defendant Austin no later than July 1, 2024 and was warned that failure to comply with the

Notice of Impending Dismissal would result in dismissal of the claims against Defendant Austin for want of prosecution. (*See* Doc. 33). Again, Plaintiff Rose failed to respond or comply.

Both failures to comply are now before this Court. (*See* Docs. 34, 36, 37). Federal Rule of Civil Procedure 41(b) provides the Court with the inherent power to control its docket, including to dismiss actions or claims where the plaintiff refuses to abide by the Court's orders. *See id.* ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule . . . operates as an adjudication on the merits."); *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 28–29 (7th Cir. 1993) (dismissal for contumacious conduct and failure to obey court orders is presumptively with prejudice).

Therefore, Plaintiff Rose's claims against Defendants Reginald Hammonds and Tom Austin are hereby **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

**DATED: September 5, 2024**

_s/ Stephen P. McGlynn_
**STEPHEN P. McGLYNN**
**U.S. District Judge**
