UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARRETT ROSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:24-cv-00448-GCS |
| | ) |
| ILLINOIS DEPARTMENT OF | ) |
| CORRECTIONS, ROB JEFFREYS, & | ) |
| BILLIE BRYAN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Pending before the Court is Defendants' Motion to Dismiss for Failure to State a Claim. (Doc. 32). Defendants the Illinois Department of Corrections ("IDOC"), Rob Jeffreys ("Jeffreys") and Billie Bryan ("Bryan") filed the Motion and Memorandum of Law in Support on May 30, 2024. *Id.* Plaintiff Garrett Rose filed a Response to Defendants' Motion to Dismiss on June 14, 2022. (Doc. 35). For the reasons delineated below, Defendants' Motion is **GRANTED IN PART** and **DENIED IN PART**. (Doc. 32).

### BACKGROUND

Plaintiff filed his Complaint on February 20, 2024, suing his former employer, the IDOC, alleging religious discrimination, retaliation, and failure to accommodate in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2 and 42 U.S.C. § 1983. (Doc. 2). Plaintiff also brings these claims against Defendants Jeffreys and Bryan individually as they were "directly involved in the decision to terminate Plaintiff in violation of

Plaintiff's right to exercise religious freedom."[1] *Id.* at p. 3. Additionally, Plaintiff brings a Section 1983 claim against the individual defendants for violating his First Amendment right to the free exercise of his religion. *Id.* at p. 11-12.

Plaintiff's Complaint concerns the implementation of Executive Order ("EO") 101, issued by Governor Pritzker in response to the COVID-19 pandemic. Based on the power of the State as an employer, EO 101 required State employees who worked at State-owned or operated congregate care facilities, regardless of vaccination status, to wear a face covering. (Doc. 2, p. 4). On February 28, 2022, following the issuance of EO 101, Centralia's former Warden Tom Austin issued Warden's Bulletin #22-09 requiring employees inside Centralia Correctional Center ("Centralia") to wear a mask based upon EO 101 in accordance with guidance from the Centers for Disease Control ("CDC"). (Doc. 32, p. 2).

Plaintiff was employed as a Correctional Officer by the IDOC at Centralia from February 2017 until his termination on June 10, 2022. (Doc. 2, p. 3). Plaintiff complied with the mask mandate for some time. *Id.* at p. 4. However, after consulting Scripture and further examining his conscience, Plaintiff became convinced that the mask mandate violated his conscience and duty to obey God. *Id.* Specifically, Plaintiff believes that wearing a mask would constitute "bowing to a false idol," in violation of a "basic and fundamental tenet" of his Christian beliefs. *Id.* at p. 6. Plaintiff claims that he repeatedly

---

[1] Plaintiff's Complaint also alleged claims against former Warden Tom Austin and Major Reginald Hammonds. (Doc. 2, p. 3). However, Austin and Hammonds were terminated from this action on September 5, 2024, as Plaintiff failed to comply with the Notice of Impending Dismissal for want of prosecution. (Doc. 38).

requested accommodations for his beliefs, but that his requests were denied.[2] Moreover, Plaintiff claims that the mask requirement was routinely ignored at Centralia and not enforced at all levels. (Doc. 2, p. 5). Plaintiff further asserts that other IDOC employees who had objections for unstated reasons were provided with accommodations. *Id.*

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of a complaint, not its merits. *See* FED. R. CIV. PROC. 12(b)(6); *Gibson v. City of Chic.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *See AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). Dismissal for failure to state a claim is warranted only when "it appears beyond a doubt that plaintiff can prove no set of facts that would entitle [him] to relief." *Mattice v. Memorial Hosp. of South Bend, Inc.*, 249 F.3d 682, 684 (7th Cir. 2001). *Accord Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (noting that Rule 12(b)(6) dismissal is appropriate only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."). To survive a motion to dismiss, the complaint must allege facts sufficient to "'state a claim to relief that is plausible on its face' and 'raise a

---

[2] Plaintiff notes that he made these requests in writing on September 17, 2021, October 8, 2021, November 2, 2021, February 14, 2022, March 1, 2022, and June 10, 2022. (Doc. 2, p. 4). Additionally, on every occasion he was denied entry into the facility between March 1, 2022, and May 20, 2022, Plaintiff claims that he made oral requests for accommodations. *Id.* at p. 5. In total, Plaintiff believes that he made around 75 requests for accommodations – the accommodations Plaintiff requested included giving Plaintiff work assignments outside of the facility such as working in the guard tower, being given outside patrol duties, or being assigned to mail delivery. *Id.*

right to relief above the speculative level.'" *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## DISCUSSION

Defendants argue that their Motion to Dismiss should be granted for four separate reasons. First, Defendants assert that Plaintiff's claims against the individual employee defendants cannot proceed as Title VII does not authorize suit against the employer's agent. (Doc. 32, p. 3-4). Second, they argue that Plaintiff has failed to assert that his opposition to the masking policy is based on religion. *Id.* at p. 4-7. Third, they argue that Plaintiff has failed to point to a religious exemption or accommodation that even existed for wearing a mask. *Id.* at p. 7-8. Lastly, Defendants claim that the masking policy was religiously neutral and that no Free Exercise Clause violation results where a burden on religious exercise is an incidental effect of a neutral and generally applicable policy. *Id.* at p. 8-10.

The Court agrees with Defendants' first argument. The proper defendant in a Title VII case is the plaintiff's employer. *See Bronson v. Ann & Robert H. Lurie Children's Hospital of Chicago*, 69 F.4th 437, 448 (7th Cir. 2023). Title VII does not authorize suits against the employer's agents, even those who are sued in their official capacities. *See, e.g.*, *Geier v. Medtronic, Inc.*, 99 F.3d 238, 244 (7th Cir. 1996) (finding that defendant sued in his individual capacity is merely a supervisor and is not subject to Title VII liability); *Thanongsinh v. Board of Education*, 462 F.3d 762, 771 n.7 (7th Cir. 2006) (affirming dismissal of individual defendant sued in his official capacity as duplicative of claim against defendant school district). Therefore, to the extent that Plaintiff's Title VII claims are

asserted against the individual Defendants, those claims must be dismissed.

However, the Court finds Defendants' second, third, and fourth arguments unpersuasive. First, Plaintiff has sufficiently pled that his refusal to wear a mask was based on a sincere religious belief. In the Seventh Circuit, "the test for whether a sincerely held belief qualifies as religious for Title VII purposes is whether it 'occupies a place in the life of its possessor parallel to that filled by the orthodox belief in God.'" *Guthrie-Wilson v. Cook County*, No. 1:23-cv-362, 2023 WL 8372043, at *2 (N.D. Ill. Dec. 4, 2023) (quoting *Adeyeye v. Heartland Sweeteners, LLC*, 721 F.3d 444, 448 (7th Cir. 2013)). Such beliefs "deal [] with issues of ultimate concern," such as "matters of the afterlife, spirituality, or the soul, among other possibilities, . . . ." *Adeyeye*, 721 F.3d at 448. Religious beliefs do not need to be "acceptable, logical, consistent, or comprehensible to others" *Thomas v. Review Bd. Of Indiana Employment Sec. Division*, 450 U.S. 707, 714 (1981), and "[t]he court does not concern itself with the truth or validity of religious belief[.]" *Snyder v. Chicago Transit Authority*, No. 22 CV 6086, 2023 WL 729843, at *7 (N.D. Ill. Nov. 6, 2023).

In his Complaint, Plaintiff states that he complied with the mask mandate for several months. (Doc. 2, p. 4). However, after "reading Scripture, seeking the lead of the Holy Spirit, and further examining his conscience" he became convinced that the mask mandate violated his conscience and his duty to obey God. *Id.* Plaintiff elaborates further stating that his decision to "refrain from wearing a mask . . . was dictated by his Christian beliefs that wearing a mask would constitute bowing to a false idol" and that "bowing or worshiping false idols would have been in violation of a basic and fundamental tenet of [his] Christian beliefs." *Id.* at p. 6. Plaintiff has pointed to a conflict between the mask

mandate and his religious belief, asserting that being required to wear the mask was the equivalent of worshiping a false idol. Accordingly, the Court believes that Plaintiff has pled a sincerely held religious belief.

The Court also believes Plaintiff has sufficiently pled his failure to accommodate claim under Title VII. "An employee claiming that h[is] employer failed to accommodate h[is] religion, must as a threshold matter show that (1) the observance, practice, or belief conflicting with an employment requirement is religious in nature; (2) the employee called the religious observance, practice, or belief to the employer's attention; and (3) the religious observance, practice, or belief was the basis for the employee's discriminatory treatment." *See Passarella v. Aspirus, Inc.*, 108 F. 4th 1005, 1009 (7th Cir. 2024) (citing *Adeyeye*, 721 F. 3d at 449). In their Motion to Dismiss, Defendant only challenges the first element. As discussed, the Court believes Plaintiff has sufficiently indicated that his religious beliefs conflict with the mask requirement set out by Defendants.

Moreover, the Defendants' assertion that Plaintiff must also show that the accommodation would result in undue hardship at the pleading stage is incorrect. Rather, at the motion for summary judgment stage, once Plaintiff has successfully set out the three threshold elements above, Defendants must respond and demonstrate that *they* cannot accommodate Plaintiff's religious practice "without undue hardship." *Porter v. City of Chicago*, 700 F.3d 944, 951 (7th Cir. 2012) (citing *EEOC v. Ilona of Hungary, Inc.*, 108 F.3d 1569, 1575-76 (7th Cir. 1997)). The burden shifts from plaintiff to defendant after the plaintiff has set out a prima facie case of failure to accommodate. The Plaintiff cannot and should not be required to allege something at the pleading stage that the Defendant has

the burden to prove.

Lastly, Defendants assert that Plaintiff has failed to plead his Section 1983 claim[3] alleging violations of the First Amendment's Free Exercise Clause because the masking policy was religiously neutral. (Doc. 32, p. 8-10). Plaintiff responds by contesting Defendants' understanding of neutrality. (Doc. 35, p. 5). Plaintiff asserts that a law may be neutral on its face but can still violate the First Amendment requirement of neutrality if "as applied [the law or regulation] target[s] religious conduct for distinctive treatment." *Id.* (citing *Church of Lukumi Babalu Aye, Inc. v. Hialeah*, 508 U.S. 520, 532-534 (1993)). The Court agrees with Plaintiff's assessment and finds that he has sufficiently pled his Free Exercise Clause violation.

The First Amendment to the United States Constitution provides that, "Congress shall make no law respecting an establishment of religion, or prohibiting the *free exercise thereof*[.]" U.S. CONST. AMEND. I (emphasis added). As the Seventh Circuit has explained, "[t]he Free Exercise Clause prohibits the government from 'plac[ing] a substantial burden on the observation of a central religious belief or practice' without first demonstrating

---

[3] Plaintiff notes in his Complaint that he brings his claims against Defendant Jeffreys in his "individual capacity." (Doc. 1, p. 3). However, he notes that the remaining individual Defendants are being sued "individually." *Id.* To the extent that Plaintiff seeks to sue Defendant Austin, Bryan, and Hammonds in their official capacity under Section 1983 those claims must be dismissed under the Eleventh Amendment. Under the Eleventh Amendment, a state is immune from suits brought by individuals in federal court. *See MCI Telecommunications Corp. v. Illinois Bell Telephone Co.*, 222 F.3d 323, 336 (7th Cir. 2000) (citing *College Saving Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 669-670 (1999)). Because a suit against a state official in his or her official capacity is "no different from a suit against the State itself[,]" state officials sued in their official capacities are generally immune from suit under the Eleventh Amendment. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *see also Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005).

that a 'compelling government interest justifies the burden.'" *St. Johns v. United Church of Christ v. City of Chicago*, 502 F.3d 616, 631 (7th Cir. 2007). "Laws incidentally burdening religion are ordinarily not subject to strict scrutiny under the Free Exercise Clause so long as they are neutral and generally applicable." *Carrero v. City of Chicago*, Case No. 23-cv-00650, 2024 WL 22099, at *3 (N.D. Ill. Jan. 2, 2024) (quoting *Fulton v. City of Philadelphia*, 593 U.S. 522, 533 (2021)). "Government fails to act neutrally when it proceeds in a manner intolerant of religious beliefs or restricts practices of their religious nature." *Fulton*, 593 U.S. at 533. Moreover, a law is not generally applicable "if it 'invite[s]' the government to consider the particular reasons for a person's conduct by providing 'a mechanism for individualized exemptions.'" *Id.* at 533. The law is also not generally applicable "if it prohibits religious conduct while permitting secular conduct that undermines the government's asserted interests in a similar way." *Id.* at 534.

Here, Plaintiff contends that the policy as applied to him amounted to a violation of the Free Exercise Clause because other IDOC employees were "on a routine and systematic basis, . . . refusing to comply with the mask mandate, and notwithstanding that knowledge the Defendants refused to discipline other employees for their conscious decisions to ignore the mask mandate." (Doc. 2, p. 12). Plaintiff elaborates further stating that "employees in Centralia's facility's Warden's office and other ranking officers regularly did not comply with the mask mandate without the fear of being disciplined and without being disciplined." *Id.* at p. 12-13. Based on these allegations, the Court finds that Plaintiff has sufficiently pled his Free Exercise claim against the individual defendants, as he has alleged that the policy was not generally applicable to all employees

at the facility.

## CONCLUSION

For the reasons set out above, Defendants' Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. (Doc. 32). The Motion is **GRANTED** with respect to Plaintiff's Title VII Claims against Defendants' Jeffreys and Bryan. However, the Motion is **DENIED** as to Plaintiff's Section 1983 Free Exercise Claim against Defendants Jeffreys and Bryan, in their individual capacities.

**IT IS SO ORDERED.**

**DATED: January 23, 2025.**

Digitally signed by Judge Sison
Date: 2025.01.23 15:37:12 -06'00'

_____
**GILBERT C. SISON**
**United States Magistrate Judge**